IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-30810
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MELVIN JOHNSON also known as Pap-Poo,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 98-CR-30024-2
--------------------
May 2, 2001

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Melvin Johnson appeals his jury conviction of conspiracy to distribute and to possess with intent distribute cocaine and crack cocaine. Johnson argues that the testimony from a number of coconspirators was insufficient to support the conspiracy conviction, that the Government failed to prove by a preponderance of the evidence that Johnson was a leader of the conspiracy warranting a four-level increase to his offense level, and that the Government did not verify whether Johnson was on

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

probation when he committed the conspiracy thereby warranting the addition of two criminal history points.

The trial testimony of the coconspirators was sufficient evidence proving that Johnson was involved in a drug conspiracy as alleged in count one of the indictment, and we will not review the credibility of those witnesses.  See United States v. Villegas-Rodriguez, 171 F.3d 224, 228 (5th Cir. 1999); United States v. Ybarra, 70 F.3d 362, 364 (5th Cir. 1995).  The trial testimony further showed that Johnson was the leader of the conspiracy, and the district court did not clearly err when it overruled Johnson's motion and allowed the four-level increase to his sentence based upon his role in the offense.  See U.S.S.G. § 3B1.1(a); United States v. Parker, 133 F.3d 322, 329 (5th Cir. 1998).  Furthermore, there was no error with the addition of two criminal history points based upon Johnson being on probation at the time he committed the offense of conviction.  See U.S.S.G. § 4A1.1(d).

AFFIRMED.